IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEVI WOODERTS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0479-D |
| | § | |
| REBECCA TAMEZ, Warden, | § | |
| FCI-Fort Worth | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Levi Wooderts, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons stated herein, the application should be dismissed as an abuse of the writ.

I.

In 1997, petitioner was convicted on multiple counts of conspiracy, altering motor vehicle parts, and trafficking in motor vehicle parts in violation of 18 U.S.C. §§ 371, 511 & 2321. Punishment was assessed at 240 months confinement, followed by supervised release for a period of three years.  The district court also ordered petitioner to make restitution in the amount of $386,589.03.  His conviction and sentence were affirmed on direct appeal.  *United States v. Wooderts*, 189 F.3d 468 (Table), 1999 WL 548418 (5th Cir. Jul. 6, 1999), *cert. denied*, 120 S.Ct. 561 (1999).  Petitioner also filed a motion for post-conviction relief under 28 U.S.C. § 2255.  The motion was denied.  *See Wooderts v. United States*, No. 3-00-CV-0247-D, 2001 WL 897419 (N.D. Tex. Jul. 27, 2001), *rec. adopted*, (N.D. Tex. Aug. 13, 2001).  On March 8, 2005, the Fifth Circuit denied

petitioner authorization to file a successive 2255 motion. *In re Wooderts*, No. 05-10128 (5th Cir. Mar. 8, 2005).

While incarcerated, petitioner has filed at least three different motions seeking credit on his federal sentence for time spent in state custody. The first motion, titled a "Request for Backtime," was construed as a section 2241 habeas petition and denied on the merits. *Wooderts v. Warden, FCI Seagoville*, No. 3-05-CV-0188-D, 2005 WL 1249375 (N.D. Tex. May 24, 2005), *rec. adopted*, 2005 WL 1500822 (N.D. Tex. Jun. 22, 2005), *aff'd*, 204 Fed.Appx. 390, 2006 WL 3102586 (5th Cir. Oct. 30, 2006). Petitioner filed a "Writ of Quo Warranto," which was construed as a second or successive section 2241 habeas petition. The petition was dismissed as an abuse of the writ or, alternatively, on the merits. *Wooderts v. Warden, FCI Seagoville*, No. 3-07-CV-0335-D, 2008 WL 245286 at *4 (N.D. Tex. Jan. 29, 2008). Dissatisfied with the outcome of those cases, petitioner, this time with the assistance of counsel, filed the instant application for writ of habeas corpus.[1]

## II.

In his sole ground for relief, petitioner contends that he is entitled to credit on his federal sentence from and after October 1, 1996--the date he was arrested by federal authorities-- notwithstanding that he remained in state custody on a parole violation until April 25, 1997.

By order dated March 27, 2009, the court *sua sponte* questioned whether petitioner's third section 2241 habeas petition was subject to dismissal as an abuse of the writ. Petitioner addressed

---

[1] Petitioner also has filed three other section 2241 habeas petitions not directly challenging the denial of sentence credits for time spent in state custody. One habeas petition was denied on the merits. *Wooderts v. Joslin*, No. 3-04-CV-2253-D, 2006 WL 1628046 (N.D. Tex. Jun. 9, 2006). Two other habeas petitions were construed as section 2255 motions and dismissed as successive. *Wooderts v. Warden, FCI Seagoville*, No. 3-05-CV-0842-D, 2006 WL 1628060 (N.D. Tex. Jun. 9, 2006), *appeal dism'd as frivolous*, 257 Fed.Appx. 771, 2007 WL 4305177 (5th Cir. Dec. 10, 2007), *cert. denied*, 128 S.Ct. 1684 (2008); *Wooderts v. United States*, No. 3-08-CV-1298-D, 2008 WL 4442582 (N.D. Tex. Sept. 30, 2008), *appeal pending*, No. 08-11066 (5th Cir., filed Nov. 5, 2008).

this issue in a response filed on April 5, 2009. The court now determines that this case should be dismissed.

III.

The federal habeas statute, 28 U.S.C. § 2244(a), provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

*See also Davidson v. United States Dept. of Justice*, 239 F.3d 366 (Table), 2000 WL 1741633 at *1 (5th Cir. Nov. 15, 2000) (district court has discretion to dismiss a successive section 2241 habeas petition as an abuse of the writ). Under the abuse-of-the-writ doctrine, "a second or successive petition in which new grounds for relief are alleged may be dismissed if the petitioner's 'reasonable and diligent investigation' would have resulted in his presenting these grounds in a previous habeas petition." *Barnard v. Collins*, 13 F.3d 871, 875 (5th Cir.), *cert. denied*, 114 S.Ct. 946 (1994), *quoting McCleskey v. Zant*, 499 U.S. 467, 498, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991). To avoid dismissal, the petitioner must show:  (1) cause for failing to raise his new claims in his prior petition and prejudice from the asserted errors; or (2) that a fundamental miscarriage of justice will result from the failure to hear the new claims. *See McCleskey*, 111 S.Ct. at 1470; *Davidson*, 2000 WL 1741633 at *1. "Cause" is defined as an "objective factor external to the defense" that impeded petitioner's efforts to raise the claim in a prior proceeding. *See McCleskey*, 111 S.Ct. at 1470, *quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). A "fundamental miscarriage of justice" occurs only if the petitioner is actually innocent of the crime

of conviction. *See Montoya v. Collins*, 988 F.2d 11, 13 (5th Cir.), *cert. denied*, 113 S.Ct. 1630 (1993); *see also McCleskey*, 111 S.Ct. at 1470.

In an attempt to satisfy the "cause and prejudice" test, petitioner argues that the Bureau of Prisons failed to disclose that he was arrested by federal authorities, rather than state authorities, on October 1, 1996. (*See* Pet. Resp. at 2). However, the Presentence Investigation Report in the underlying federal criminal case clearly states that petitioner was arrested by both federal authorities and Dallas police officers. Petitioner even referenced that fact in his two prior habeas petitions. *See Wooderts v. Warden, FCI Seagoville*, No. 3-05-CV-0188-D, Doc. #1 at 1; *Wooderts v. Warden, FCI Seagoville*, No. 3-07-CV-0335-D, Doc. #2 at 7. Not only was petitioner not prevented from arguing the involvement of federal authorities in his October 1, 1996 arrest, the claim *was* raised and denied on the merits. Nor does petitioner argue, much less prove, that he is actually innocent of the crimes for which he was convicted. Without proof of actual innocence, there can be no "fundamental miscarriage of justice." The court therefore determines that the instant habeas petition should be dismissed as an abuse of the writ.[2]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be summarily dismissed.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

---

[2] Petitioner also appears to argue that he is entitled to post-conviction relief under 28 U.S.C. § 2255. (*See* Pet. Reply at 3-4). To the extent petitioner seeks such relief, he must first obtain leave to file a successive section 2255 motion from a three-judge panel of the court of appeals. *See* 28 U.S.C. § 2255(h).

grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED:  April 28, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE